**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**ARTHUR LEE HAIRSTON, SR.,**

Plaintiff,

**v.**                                                                    **CIVIL ACTION NO. 3:19-CV-3
(GROH)**

**SOCIAL SECURITY ADMINISTRATION
COMPASS POINTE, MARTINSBURG,
MID-ATLANTIC PROGRAM CENTER and
UNKNOWN INDIVIDUALS,**

Defendants.

## REPORT AND RECOMMENDATION

### I.      INTRODUCTION

Pending before the Court is Plaintiff Arthur Lee Hairston, Sr.'s ("Plaintiff") pro se Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis.[1] Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's pro se Complaint [ECF No. 1] sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B). Because the undersigned concludes that the Court lacks subject-matter jurisdiction over Plaintiff's claims, the undersigned recommends that Plaintiff's complaint be dismissed, without prejudice, and Plaintiff's motion to proceed *in forma pauperis* be denied as moot.

### II.      THE COMPLAINT

On January 4, 2019, Plaintiff filed the instant pro se complaint alleging that

---

[1] This motion was referred to the undersigned by order dated February 14, 2019. Order of Referral, ECF No. 5.

Defendants Social Security Administration Compass Pointe Martinsburg, Mid-Atlantic Program Center, and unknown individuals (collectively, "Defendants") have systematically discriminated against and extorted him. See ECF No. 1, at 2. In his complaint, Plaintiff alleges the following facts. Plaintiff was receiving Social Security benefits before he began employment with the VAMC in Martinsburg, West Virginia on December 27, 2015. Id. at 1. Plaintiff notified the Social Security Administration ("SSA") of this employment, and he was placed on a test period of employment from January 1, 2016 until September 2016. Id. at 1–2. In a letter dated October 27, 2017, the SSA informed Plaintiff that as of January 1, 2017, he was no longer entitled to Social Security benefits because he was engaging in substantial work. ECF No. 1-1, at 1. That letter also stated that Plaintiff had an extended period of eligibility, during which benefits could be reinstated, until September 2019. Id. Finally, the letter indicated that Plaintiff had been overpaid Social Security benefits because the SSA did not stop his checks until October 2017 and therefore, Plaintiff was required to refund that overpayment to the SSA within 30 days. Id. at 2. In February 2018, Plaintiff ceased gainful employment, and in August 2018, Plaintiff requested to have his Social Security benefits reinstated. ECF No. 1, at 2.

Plaintiff appears to make two distinct claims in his complaint. First, Plaintiff argues that Defendants' refusal to reinstate Plaintiff's benefits is discriminatory. Id. He alleges that Defendants have refused to reinstate his Social Security benefits without reason. Id. at 1. However, Plaintiff further argues that he is being denied reinstatement of his benefits because of the overpayment of benefits the SSA claims to have made to him between January 2017 and October 2017. Id. at 3. Second, Plaintiff alleges that the SSA letter sent to Plaintiff is part of a systematic pattern of discrimination against Plaintiff and is

2

harassment and extortion of Plaintiff. Id. at 2. Plaintiff claims that it is Defendants' fault that benefit payments did not stop as of January 2017 and that Plaintiff never knew there was a test period or that payments would be stopped as of January 2017. Id. Plaintiff alleges that Defendants are using overpayment as a tool to discriminate against and extort him. Id.

Plaintiff seeks monetary and compensatory damages, injunctive relief, and other damages. Id. at 1. In particular, Plaintiff seeks to be made whole and to be paid any and all benefit payments denied due to the alleged discrimination. Id. at 3.

### IIII.   LEGAL STANDARD

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with her request or motion for leave to proceed *in forma pauperis*. Id. The Supreme Court of the United States has explained that the purpose of the "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cnty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the

complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* (i.e., on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." <u>Neitzke</u>, 490 U.S. at 324. When reviewing pro se complaints, the Court must construe them liberally. <u>See</u> <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

## IV.   <u>DISCUSSION</u>

Liberally construed, Plaintiff's complaint alleges that Defendants engaged in discrimination and extortion by (1) denying him reinstatement of Social Security benefits and (2) seeking the repayment of an alleged overpayment of Social Security benefits to Plaintiff via the letter dated October 27, 2017. Before determining whether Plaintiff's complaint sets forth any viable claims, the undersigned must first determine whether this Court has subject-matter jurisdiction.

If a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); <u>see also</u> <u>Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.</u>, 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court"). Subject-matter jurisdiction in federal courts must be based on diversity jurisdiction or federal-question jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal-question jurisdiction only requires that the action "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Pursuant to the well-pleaded complaint rule, "a federal question must appear on the face

of [the] plaintiff's . . . complaint." <u>Sharp v. AT & T Commc'ns</u>, 660 F. Supp. 650, 650 (N.D. W. Va. 1987). Here, Plaintiff claims this Court has federal-question jurisdiction under § 1331. ECF No. 1, at 1.[2]

The specific terms under which the SSA may be sued are set forth in 42 U.S.C. § 405(g) as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within 60 days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow . . . .

42 U.S.C. § 405(g). "On its face § 405(g) thus bars judicial review of any denial of a claim of disability benefits until after a 'final decision' by the Secretary after a 'hearing.'" <u>Mathews v. Eldridge</u>, 424 U.S. 319, 328 (1976); <u>see also</u> <u>Weinberger v. Salfi</u>, 422 U.S. 749, 764 (1975) (holding § 405(g) grants district courts subject-matter jurisdiction to hear only those cases that are "final" and "made after a hearing"); <u>Adams v. Heckler</u>, 799 F.2d 131, 133 (4th Cir. 1986) (noting that claimant may have her claim for disability benefits heard by the federal court only if the Secretary of Social Security has made a final decision on the merits of her claim).

"[A] failure to exhaust all administrative appeal remedies in a Social Security disability claim results in no final decision by the Commissioner and 'thus no jurisdiction

---

[2] The undersigned notes that Plaintiff specifies Title VII and 42 U.S.C. §§ 2000 et seq. (the codification of Title VII) as the jurisdictional basis for his lawsuit. The undersigned can find nothing in Plaintiff's complaint that indicates that Plaintiff's allegations are related to employment discrimination. <u>See</u> <u>Ricci v. DeStefano</u>, 557 U.S. 557, 577 (2009) (noting that Title VII prohibits employment discrimination based on race, color, religion, sex, and national origin). Liberally construing Plaintiff's complaint, the undersigned concludes that Plaintiff's claims are instead related to SSA decisions regarding Plaintiff's entitlement to Social Security benefits. So, federal-question jurisdiction in this case will have to be evaluated pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g).

for judicial review on the merits of [the claimant's] disability claim . . . ." <u>Blair ex rel I. L. B. v. Astrue</u>, No. 8:11-2099, 2012 WL 1019334 (D.S.C. Mar. 26, 2012); <u>see also</u> <u>Hopewell Nursing Home, Inc. v. Heckler</u>, 784 F.2d 554, 557 (4th Cir. 1986) ("[T]he exhaustion of available remedies is a prerequisite to jurisdiction under . . . 42 U.S.C. § 405(g) . . . ."); <u>Evans v. Comm'r Soc. Sec. Admin.</u>, 670 F. App'x 156, 156 (4th Cir. 2016) ("Pursuant to 42 U.S.C. § 405 . . ., an individual must exhaust administrative remedies before he may challenge an SSA benefits decision in federal court."). However, even if a Plaintiff fails to exhaust his administrative remedies, "courts maintain jurisdiction over requests for a writ of mandamus if the plaintiff establishes that 'the administrative process normally available is not accessible' because the agency fails or refuses to act." <u>Evans</u>, 670 F. App'x at 156 (citing <u>U.S. ex rel. Rahman v. Oncology Assoc., P.C.</u>, 198 F.3d 502, 515 (4th Cir. 1999)).

Pursuant to 20 C.F.R. §§ 404.900(a) and 416.1400(a), the administrative review process consists of the following four steps: (1) initial determination; (2) reconsideration; (3) hearing before an administrative law judge; and (4) Appeals Council review. These steps must be followed in order and within the prescribed time period before the federal court may exercise subject-matter jurisdiction. 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5). The notices of disapproved claims are initial determinations under 20 C.F.R. §§ 404.900(a)(1) and 416.1400(a)(1). <u>See</u> ECF No. 1-1.

Because Plaintiff does not indicate whether he has exhausted his remedies through the SSA,[3] this Court is deprived of subject-matter jurisdiction to hear his Social

---

[3] The Plaintiff did not provide any documentation in response to the letter from the SSA [ECF No. 1-1], which set forth his administrative appeal rights and procedure. It is clear from the letter that Plaintiff had certain rights with respect to the overpayment and its recovery, including: 1. Right to Appeal and 2. Right to Request Waiver. <u>Id.</u> at 2. However, Plaintiff provided no information or documentation that he filed an appeal or requested a waiver.

Security claims. Accordingly, Plaintiff's Social Security claims must be dismissed, without prejudice. <u>See</u> <u>S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC</u>, 713 F.3d 175, 185 (4th Cir. 2013) (holding that a dismissal for lack of subject-matter jurisdiction "must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits").

## V.   <u>RECOMMENDATION</u>

For the foregoing reasons, I find that this Court lacks subject-matter jurisdiction over Plaintiff's Social Security claims. Accordingly, I **RECOMMEND** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis be **DENIED AS MOOT**.

Plaintiff Arthur Lee Hairston, Sr., shall have fourteen (14) days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. <u>See</u> 28 U.S.C. § 636(b)(1); <u>Wright v. Collins</u>, 766 F.2d 841, 845-48 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984); <u>see also</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 28th day of February, 2019.

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE