# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ARTHUR LEE HAIRSTON, SR.,**

    Plaintiff,

v.                                      **CIVIL ACTION NO.: 3:19-CV-3 (GROH)**

**SOCIAL SECURITY ADMINISTRATION
COMPASS POINTE, MARTINSBURG,
MID-ATLANTIC PROGRAM CENTER and
UNKNOWN INDIVIDUALS,**

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Currently pending before the Court is a Report and Recommendation ("R&R") issued by United States Magistrate Judge Robert W. Trumble. ECF No. 6. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of an R&R. On February 28, 2019, Magistrate Judge Trumble issued his R&R recommending that the Court dismiss the Plaintiff's complaint without prejudice and deny as moot his application to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to conduct a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file objections in a timely manner constitutes a waiver of *de novo* review and a plaintiff's right to appeal this Court's order.

28 U.S.C. § 636(b)(1)(C); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to Magistrate Judge Trumble's R&R were due within fourteen days after being served with a copy of the same. The R&R was sent to the Plaintiff by certified mail, return receipt requested, on February 28, 2019. ECF No. 6. The Plaintiff accepted service on March 4, 2019. ECF No. 9. The Plaintiff filed his objections on March 6, 2019. ECF No. 10. Accordingly, the Court will review the portions of the R&R to which the Plaintiff objects *de novo*.

Magistrate Judge Trumble recommended that this action be dismissed because the Court lacks subject-matter jurisdiction over the claim. ECF No. 6 at 1. Prior to addressing subject-matter jurisdiction, Magistrate Judge Trumble liberally construed the Plaintiff's complaint to be related to the Social Security Administration decision denying the Plaintiff benefits. While the Plaintiff refers to Title VII and 42 U.S.C. §§ 2000 et seq. in his complaint, it is apparent his claims must be evaluated pursuant to 42 U.S.C. § 405(g). Magistrate Judge Trumble found that there is no indication the Plaintiff exhausted his administrative remedies prior to filing his complaint. Therefore, this Court lacks subject-matter jurisdiction over the Plaintiff's claims.

Prior to filing objections, the Plaintiff filed a Motion Filed for Clarity in Answer to this Court Referring this Case to a Magistrate 2/14/2019 Concerning the Above. In his motion, the Plaintiff states that Title VII was inadvertently listed on the complaint and this Court has jurisdiction pursuant to 28 U.S.C. § 1331. Thereafter, Plaintiff filed his objections. In his objections, the Plaintiff states that "[t]he complaint avers and asserts a

federal question of discrimination under 28 U.S.C. 1331." ECF No. 10 at 1. The Plaintiff argues that administrative remedies are not adequate to address a discrimination claim. However, the Plaintiff's argument is misguided. The Plaintiff's discrimination claim is based on the denial of Social Security benefits. While the Social Security Administration has a process in place to address claims of discrimination, the Plaintiff must follow the appeal process if he seeks a different outcome regarding his disability determination. As correctly identified by Magistrate Judge Trumble, the Court cannot assume federal question jurisdiction over the Plaintiff's claims until *after* the Plaintiff exhausts his administrative remedies. See Evans v. Comm'r Soc. Sec. Admin., 670 F. App'x 156, 156 (4th Cir. 2016). The Plaintiff's objections fail to address whether he exhausted his administrative remedies.

Therefore, upon careful review and finding no error of fact or law, the Court **ORDERS** that Magistrate Judge Trumble's Report and Recommendation [ECF No. 6] is **ADOPTED** for the reasons more fully stated therein. The Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE** and the Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 2] is **DENIED AS MOOT**. Further, the Plaintiff's Motion for Clarity in Answer to this Court Referring this Case to a Magistrate Dated 2/14/2019 Concerning the Above [ECF No. 7] is **DENIED AS MOOT**.

The Clerk is **DIRECTED** to strike this case from the Court's active docket and transmit a copy of this Order to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED:** April 1, 2019

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE